[Civ. No. 54981. Second Dist., Div. One. July 30, 1979.]

SUKUT CONSTRUCTION, INC., Plaintiff and Appellant, v.
CABOT, CABOT & FORBES LAND TRUST,
Defendant and Respondent.

**COUNSEL**

George C. Halversen for Plaintiff and Appellant.

Brown & Brown, Howard B. Brown, Rodney Moss and Donald B. Devirian for Defendant and Respondent.

**OPINION**

**THOMPSON, J.**—This is an appeal from a summary judgment in favor of defendant landowner in plaintiff's action to foreclose a mechanic's lien. It raises the issue of the applicability of the bar of res judicata

where: (1) plaintiff filed a prior action to foreclose a mechanic's lien asserting that the lien covered the same property as that involved in the case at bench or alternatively that the entire amount of the debt due plaintiff in the prior action from a contractor was secured by a mechanic's lien on adjoining property owned by defendant; (2) a final judgment in the prior action determined that the entire debt of the contractor, part of which is here sued upon, was due to plaintiff, that only an allocable portion of the debt was the subject of the mechanic's lien, and that the lien covered only the adjoining property; (3) at the close of the prior action, plaintiff recorded a new mechanic's lien describing the real property excluded by the prior judgment; and (4) the case at bench represents plaintiff's effort to enforce payment of the remaining portion of the contractor's debt by foreclosure of the second lien.

We conclude that the doctrine of res judicata applies to bar plaintiff's action in the case at bench. We also conclude that plaintiff's contentions of trial court error in its manner of taking judicial notice of the prior action is unsupported by the record. Accordingly, we affirm the judgment.

Because the case at bar reaches us on review of a summary judgment, we recite the record in the light most favorable to the plaintiff, the loser in the trial court, accepting as true all statements of fact included in declarations filed by plaintiff in opposition to the motion.

Plaintiff, Sukut Construction, Inc. (Sukut), is a licensed grading contractor. In the middle of 1971, Sukut entered into a contract to perform grading and "site construction" upon a tract of land owned by Allied-Canon Company (Allied). Allied financed the development of its property by a loan from defendant, Cabot, Cabot & Forbes Land Trust (Cabot). The loan was secured by a deed of trust. The site which was the subject of the Sukut contract and the Cabot deed of trust encompassed four adjoining parcels recorded as tract numbers 24946 and 23290 (the northerly tracts) and numbers 24981 and 24862 (the southerly tracts). Allied assigned the benefits of its grading contract to Cabot as additional security for the Cabot loan.

Late in 1972, Allied breached its contract with Sukut by failing to pay for work performed. Sukut having quit the job because of Allied's breach, the work of grading and site preparation was performed by others. Sukut claimed that $677,373.70 was due it from Allied. On November 30, 1972, Sukut recorded a mechanic's lien describing only the two southerly tracts

(numbers 24981 and 24862). Late in 1972, it filed suit against Allied seeking $607,070.85 in payment of the debt due from Allied on the grading contract and to foreclose the mechanic's lien in order to collect that amount. The lawsuit names Cabot as a defendant.

In July of 1975, Cabot foreclosed on its deed of trust and thereby acquired Allied's interest in the property which was the subject of the grading contract and Sukut's pending action to foreclose its mechanic's lien. Later that year, Sukut's action went to trial with Cabot a defendant in the action. Sukut contended in the action to foreclose its mechanic's lien that: (1) the amounts due it on its contract were all secured by the mechanic's lien filed on the two southerly tracts; and (2) in the alternative all four tracts were properly described in the lien. The latter contention argues that the liens as filed gave reasonable notice of the extent of the property covered. (See Cal. Mechanics' Liens and Other Remedies (Cont. Ed.Bar 1972) § 3.12, p. 82.) The trial court rejected Sukut's claim in part. It gave judgment to Sukut against Allied for the full amount of its claim but held also that only $210,285.72 of the claim constituted a lien against the property which was the subject of the work of improvement. It held that the lien applied only to the two southerly parcels.

Subsequent to the trial court's memorandum of decision but before judgment, Sukut filed a new mechanic's lien covering the two northerly parcels. In the action at bench, Sukut seeks to foreclose that second lien and claims that the new lien secures a sum the equivalent of the difference between the lien amount apportioned to the southerly tract in the first action and the amount due it from Allied.

Cabot moved for summary judgment, claiming that Sukut's second lawsuit which is the case at bench is barred by res judicata and that in any event Sukut's claim of lien filed at the end of the prior action is untimely. The trial court granted summary judgment on the first theory.[1]

The trial court's action was correct; res judicata bars Sukut's lawsuit in the case at bench.

"A valid final judgment in favor of the plaintiff *merges* the claim in the judgment. The cause of action is extinguished and the only remaining right of action is on the judgment." (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 189, p. 3329.) "If a title or interest in property

---

[1]Because of our conclusion that the trial court was correct, we do not discuss Cabot's second theory.

was in issue in a former action, the judgment is conclusive in later proceedings involving the same title or interest." (*Op. cit. supra,* § 205, p. 3344.) In the case of mechanic's liens, Civil Code section 3152 permits a claimant to bring separate actions to recover his debt against the one personally liable for it and to enforce the mechanic's lien securing the debt. A former judgment is not res judicata if a second action "is concerned with a new title, new interests or changed circumstances." (*Op. cit. supra,* § 212, p. 3349.)

The specific authorization of Civil Code section 3152 is inapplicable to the case at bar. We are not here concerned with two separate actions, one to impose personal liability and the other to foreclose a mechanic's lien. The two lawsuits both seek to foreclose liens upon the same property or a portion of it to secure the same debt of the same person other than the landowner to the plaintiff. Hence, the general principles of res judicata apply.

Sukut's claim incorporated in its causes of action in its first complaint merged in its judgment in the first action. Only if its claim in the second was not encompassed in the causes of action in the first action or if the second action is concerned with a new title, new interests or changed circumstances does merger or res judicata not bar the subsequent lawsuit.

Sukut's claim in the case at bar was encompassed in a cause of action litigated by it against Cabot in the first action. Sukut asserted in the first action that a lien filed by it adequately described both the northerly and southerly parcels. It asserted in the first action that irrespective of any formal defect in the lien's description of property the entire amount of its claim against Allied was secured by the lien on the southerly parcels. It contended in the first action that payment of its entire claim against Allied could be enforced by recourse to the property of Cabot which was the subject of the prior lawsuit. Sukut thus placed in litigation its right to be secured on its claim against Allied by property owned by Cabot. The presence or absence of that security represents the primary right which Sukut sought to vindicate in the prior lawsuit. The scope of the primary right controls the nature of the cause of action which was previously litigated. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 22 and 24, pp. 1707 and 1709.)

The second action is not based upon new title, new interests, or changed circumstances as those terms are used to define conditions relieving of the consequences of res judicata. The new lien claim filed by

Sukut at the last stages of the first action did nothing more than reassert in a different form the same right that was the subject of the prior litigation. The lien is the same in both actions; it is only the manner of attempting to reduce it from inchoate to enforceable form that is different. To allow Sukut to proceed by filing the second lien in order to avoid the deficiencies in its first lawsuit would be counter to the prime purpose of res judicata, that of curtailing "multiple litigation causing vexation and expense to the *parties*. . . ." (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 147, p. 3292.)

Sukut's subsidiary contention that the trial court improperly took judicial notice of the prior action so as to mischaracterize its scope lacks merit.

The file in the former action was apparently missing at the time of hearing on Cabot's motion for summary judgment. The trial court, however, accepted Sukut's counsel's version of what the file would disclose.[2] The law memorandum of Sukut's counsel filed in the first trial was before the court at the time of hearing on the motion. That memorandum expressly and in detail discusses the scope of the cause of action asserted by Sukut in the prior proceeding. In its opposition to the motion for summary judgment, Sukut included a declaration that it had, in the first action, sought to establish its lien against the northerly as well as the southerly tracts.

We hence conclude that the trial court properly granted summary judgment to Cabot on the theory of res judicata.

The judgment is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

---

[2]Sukut's contention on appeal to the contrary misreads the record.