[No. G002947. Fourth Dist., Div. Three. Oct. 31, 1986.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT WALTER SIMPSON, Defendant and Respondent.

COUNSEL

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, William W. Bedsworth, Randell L. Wilkinson and Rick V. Curcio, Deputy District Attorneys, for Plaintiff and Appellant.

Frederick L. McBride, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

SONENSHINE, J.—On January 9, 1985, defendant was arrested and charged with eight counts of lewd or lascivious acts with a child under the age of 14. (Pen. Code, § 288, subd. (a).)[1] Following a preliminary hearing, the defendant moved to dismiss count VIII for failure to prosecute within the prescribed time period. The motion was granted and the People appeal, contending count VIII is subject to a six-year limitation period. We agree and reverse.

Count VIII of the information alleges defendant, in February 1979, committed an act in violation of section 288, subdivision (a). At that time, the section provided the offense was punishable by three, five or seven years imprisonment; these are the terms applicable to Simpson. The section was amended in 1981, raising the prescribed punishment to three, six or eight years. There is no dispute as to the maximum punishment applicable to count VIII. Simpson can receive at most the maximum term applicable at the time the act was committed, namely, seven years. (*People* v. *Fulton* (1979) 92 Cal.App.3d 972 [155 Cal.Rptr. 327].)

---

[1]All statutory references are to the Penal Code unless otherwise specified.

Additionally, both parties agree a six-year limitation period governed the February 1979 allegations until January 1, 1985. But they part company on the interpretation of sections 799 through 806, which became operative on that date.

While in 1979, the applicable limitation period for a violation of section 288 was three years, the statute was amended in 1980 to provide a five-year period in which to commence prosecution. A 1981 amendment again raised, to six years, the time limitation for prosecution of these crimes. These amendments applied "to count [VIII] because they were enacted before the old statutory periods respectively expired."(*People* v. *Callan* (1985) 174 Cal.App.3d 1101, 1107 [220 Cal.Rptr. 339].)

■ The 1981 legislation particularly "addressed the serious problem of sexual abuse of children." (*People* v. *Vargas* (1985) 175 Cal.App.3d 271, 276 [220 Cal.Rptr. 720].) The determinate sentence for a violation of section 288, subdivision (a) was increased as was the relevant statute of limitations. New sections were added denying probation and suspended sentences. The right to a hearing to determine mental disorder was eliminated from the statute. "Thus the legislative history clearly indicates an intent that certain sex crimes, particularly those involving children, are to be punished more severely than they were under the former statutory scheme." (*Id.*, at p. 277.)

The same legislation mandated a comprehensive study to be undertaken by the California Law Revision Commission. The panel was to make "an indepth study of the rationales for the statutes of limitations for various felonies and the justification for the revision of the period of limitations for specific crimes or categories of crime, and to make recommendations to the Legislature based on the study." (Stats. 1981, ch. 909, § 3, subd. (a), p. 3443.)

The study was completed and presented to the Legislature in 1984. The new sections, as recommended by the commission, were enacted in their entirety by the Legislature (except for minor changes unimportant to this decision).

In its report, the commission exhaustively examined the myriad functions of the limitation statutes and concluded "all factors considered, a felony limitations statute should generally be based on the seriousness of the crime." (Recommendation Relating to Statutes of Limitation for Felonies (Jan. 1984) 17 Cal. Law Revision Com. Rep. (1984) p. 313.)

As of January 1, 1985, former sections 799-803 were repealed and replaced by sections 799-806. The variation in the 1985 legislation, and the

basis for the present controversy, is the description of the crimes subject to the six-year limitation period. The earlier versions of section 800 referred specifically to the covered offenses by their Penal Code sections,[2] without regard for the punishment imposed by statute. The January 1, 1985, version of section 800 reads: "Except as provided in Section 799 [offenses punishable by death or life imprisonment], prosecution for an offense punishable by imprisonment in the state prison for eight years or more shall be commenced within six years after commission of the offense." All other offenses are subject to a limitation period of three years. (§ 801.)

Thus, defendant argues because count VIII was allegedly committed in 1979, he is subject to a maximum punishment of seven years and does not fall within the specific "eight years" terminology of section 800. He must, therefore, be subject to the three-year limitation of section 801.

Our examination of the relevant sections, in conjunction with their legislative history, convinces us the Legislature did not intend for a small class of accused felons to receive a reprieve from prosecution based on a myopic view of section 800. The section cannot be read in a vacuum, but must be interpreted in conjunction with the supporting sections in chapter 2.

Section 806, subdivision (b) states chapter 2 "applies to an offense that was committed *before,* on, or after [January 1, 1985]." (Italics added.) The only exceptions are prosecutions: (1) for offenses barred on January 1 by the prior time limitation; or (2) already commenced before January 1. (*Ibid.*) The first exception "limits retroactive application that would have the effect of lengthening the statute of limitation . . . where [it] has already run on the operative date." (17 Cal. Law Revision Com. Rep., *supra,* p. 324.) The second exception "precludes retroactive application that would have the effect of shortening the statute of limitation where prosecution under an operative statute has already begun . . . ." (*Ibid.*) The latter comment refers to crimes such as a violation of section 286, subdivision (f) or section 288a, subdivision (f), both of which were subject to a six-year limitation under the 1981 amendment to section 800, but are now governed by the three-year period of section 801. Thus, if no prosecution was initiated prior to January 1, 1985, a defendant is entitled to rely on the new and shorter period.

Neither of these exceptions apply to Simpson. He was subject to prosecution under the prior law immediately before the operative date of the legislation and there was no shortening of the limitation period for his

---

[2]Section 800, subdivision (b), effective January 1, 1982, provided: "An indictment for a violation of Section . . . 288 . . . shall be found . . . within six years after its commission."

charged offense. A section 288, subdivision (a) violation continued to be, as it had been since January 1982, subject to prosecution for six years after the commission of the act.

Section 805 provides the method for determining the appropriate time limitation under chapter 2: "An offense is *deemed* punishable by the maximum punishment prescribed by statute for the offense, *regardless of the punishment actually sought or imposed.*" (*Id.*, at subd. (a), italics added.) Thus, section 288, subdivision (a) offenses as of the passage of chapter 2 were *deemed* punishable by eight years. However, the maximum punishment, for Simpson, which could be legally *sought* by the People was seven years, despite the fact it was *not* "the maximum punishment prescribed for the offense" in section 288. The length of possible incarceration does not change the description of the crime. Nor do we find it logical for Simpson to insist upon a maximum punishment of less than eight years under a statute superseded years ago, yet attempt to avail himself of a shortened limitation period under 1985 legislation, i.e., section 801, which clearly is not applicable to a section 288, subdivision (a) violation.

██ The Law Revision Commission emphasized although section 800 supersedes former section 800, subdivision (b), where section 288 was dealt with *expressly,* it "applies to the *same crimes* as the former provision . . . ." (17 Cal. Law Revision Com. Rep., *supra,* p. 319, italics added.)[3] This intent is underscored by the commission's own tabulation of the effect of the proposed legislation. Appendix 2, attached to and incorporated by reference in the report, specifically stated "the existing limitation periods would be *unchanged* for all felonies and misdemeanors except as indicated below . . . ." (*Id.*, at p. 327.) Simpson's charged offense, lewd and lascivious acts with a child under the age of 14 (§ 288, subd. (a)), is *not* included within the exceptions.

The comments accompanying the suggested revisions are convincing evidence of the continued applicability of the six-year limitation period to section 288, subdivision (a) offenses. The sections here under discussion were enacted without any further addition or revision by the Legislature. "Explanatory comments by a law revision commission are persuasive evidence of the intent of the Legislature in subsequently enacting its recommendations into law." (*Brian W.* v. *Superior Court* (1978) 20 Cal.3d 618, 623 [143 Cal.Rptr. 717, 574 P.2d 788].) "'This is particularly true where the statute proposed by the commission is adopted by the Legislature without any change whatsoever and where the commission's comment is brief, because in such a situation there is ordinarily strong reason to believe that

---

[3]There are certain stated exceptions not applicable here.

the legislators' votes were based in large measure upon the explanation of the commission proposing the bill.' (*Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 250 [66 Cal.Rptr. 20, 437 P.2d 508].)" (*People* v. *Garfield* (1985) 40 Cal.3d 192, 199 [219 Cal.Rptr. 196, 707 P.2d 258].)

Of the utmost relevance is the stated intent of the Legislature when enacting section 805 (which sets forth the process for determining the applicable statute of limitations): "The intent of the Legislature in the enactment of Chapter 2 . . . was, and is, that the 'maximum punishment' referred to in subdivision (a) of Section 805 of the Penal Code is that sentence which was prescribed as of January 1, 1985, or any sentence prescribed thereafter, *regardless of any sentence prescribed for that offense prior to January 1, 1985*. It was, and is, the further intent of the Legislature . . . that it shall not be construed to bar prosecution of an offense for which a maximum punishment of eight years or more in the state prison was prescribed as of January 1, 1985, *and which could have been prosecuted under the law in effect immediately prior to the operative date* of that chapter." (Stats. 1985, ch. 122, § 2, italics added.)

The definition, in section 800, of crimes subject to the six-year limitation statute relates to the punishment as prescribed *at the time of passage*. If a section 288, subdivision (a) offense falls within that category, as it does, the six-year statute is applicable regardless of the actual punishment sought or constitutionally capable of being imposed because of the date of the offense.

We are convinced the Legislature intended the limitation statute to apply *uniformly,* as it had previously, to *all* section 288, subdivision (a) offenses not already barred. The legislation itself may fairly be construed in this manner. And our interpretation is buttressed, if not mandated, by the express intent of the drafters and the Legislature itself.

The order granting dismissal of count VIII is reversed. The trial court will enter a new order denying the motion to dismiss.

Crosby, Acting P. J., and Wallin, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 28, 1987.