[Crim. No. 24244. Oct. 24, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
ALLEN GARFIELD, Defendant and Appellant.

COUNSEL

George T. Davis and Joseph C. Morehead for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Morris Lenk, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BROUSSARD, J.—Defendant appeals from a conviction of offering a false or forged instrument to be filed in a public office. (Pen. Code, § 115.) He contends that his prosecution was barred by the statute of limitations. We agree and reverse the judgment.

I.

On November 19, 1981, the San Francisco District Attorney filed a complaint in the municipal court charging defendant with a violation of Penal Code section 115.[1] The complaint alleged that the crime had been committed between October 28, 1978, and November 16, 1978. Defendant demurred, contending that the complaint was barred by the general three-year statute of limitations for felony prosecutions. (Former § 800, subd. (a).)[2] The People argued that section 115 offenses were exempted from the three-year statute of limitations by former section 799, which provided an unlimited time for the prosecution of certain specified offenses, including the "falsification of public records." The magistrate denied defendant's demurrer without explanation. In the trial court defendant moved to dismiss on the same grounds. The motion was denied, again without a statement of reasons. Defendant was tried before a jury and found guilty.

Because this opinion is limited to the statute of limitations question, a detailed statement of the facts is unnecessary. It is enough for our purposes to say that defendant, who is an attorney, drafted a will for Mrs. Estelle ReQua in 1974. The prosecution alleged that defendant subsequently altered the will without Mrs. ReQua's knowledge and added a bequest to his wife. Defendant then offered the allegedly forged will for probate upon Mrs. ReQua's death in 1978. Three years after the will was probated, the primary beneficiary of the estate informed the police of his suspicion that defendant had falsified the will. It is not disputed that the resulting criminal complaint was filed more than three years after the alleged offense.

[1]All statutory references are to the Penal Code unless otherwise indicated.
[2]Now codified in revised form in section 801.

Two statutes are primarily involved in this case. Section 115 provides in pertinent part: "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, or registered, or recorded under any law of this state or of the United States, is guilty of [a] felony."[3] At the time of the offense, section 799 provided in relevant part: "There is no limitation within which a prosecution for . . . the falsification of public records must be commenced."[4] We must decide whether a violation of section 115 constitutes the "falsification of public records" within the meaning of section 799.

A will is not a public document before it is filed for probate. Thus, any falsification of a will before it is filed would not constitute the falsification of a *public record*. The Attorney General concedes this point, but argues that the exception to the statute of limitations still should apply to section 115 offenses. He contends that there is no distinction "between filing a false document in order to create a false public record and falsifying a public record. . . ."

The Attorney General misinterprets the conduct proscribed by section 115. The gravamen of the charged offense is the *offering* for probate of a will known to be false or forged. (See *People* v. *Standley* (1932) 126 Cal.App. 739, 746 [15 P.2d 180].) The offense was complete at the moment defendant offered the will for probate with knowledge of its falsity. The fact that the will was subsequently accepted for filing and became a part of the public record is not relevant to the statutory proscription. Let us assume, for example, that the forgery here had been discovered before the will had been officially recorded as a public document, or that the will had not been accepted for filing because of some technical defect unrelated to the forgery. In either case defendant would have been guilty of violating section 115. He certainly could not have asserted as a defense that the forged will he offered for filing had not yet been recorded. Whether or not a violation of section 115 actually produces a false public record is simply not material to the offense defined by that statute.

Our interpretation of section 115 is reinforced by the existence of a separate statutory prohibition against the falsification of public records. Gov-

---

[3]The section was amended in 1984 to add provisions not relevant to this opinion.

[4]Former section 799 provided: "There is no limitation of time within which a prosecution for murder, the embezzlement of public moneys, a violation of Section 209, or the falsification of public records must be commenced. Prosecution for murder may be commenced at any time after the death of the person killed. Prosecution of embezzlement of public money, a violation of Section 209, or the falsification of public records may be commenced at any time after the discovery of the crime."

ernment Code sections 6200 and 6201 expressly prohibit the "altering or falsifying" of public records or documents.[5] Thus, under the current statutory scheme, the procuring or offering of a false instrument for filing in a public office (§ 115) is an entirely separate offense from the falsification of a document already part of the public record (Gov. Code, §§ 6200, 6201).

The independent nature of these offenses is illustrated by the facts in *People* v. *Horowitz* (1945) 70 Cal.App.2d 675 [161 P.2d 833]. In that case, defendant forged a will on a sheet of paper bearing his mother's signature and then employed an attorney to probate the forged will. After the will had been filed for probate, defendant obtained possession of the will at the county clerk's office and sat at a table comparing the will with other documents. According to prosecution experts, the will had been written on three different occasions: first, the signature was written, then the body of the will was prepared, and finally the names of the witnesses were added. Defendant was charged with, inter alia: forgery of a will (§ 470), procuring or offering a forged will for filing (§ 115) and altering or falsifying a public record (Gov. Code, §§ 6200, 6201).

In the instant case, unlike *Horowitz,* there was no evidence that defendant in any way tampered with the will once it had been filed. Presumably for this reason the prosecution elected to charge only a violation of section 115. It is clear that had defendant been charged with "falsifying" a public document under Government Code sections 6200 and 6201, the statute of limitations would not have barred prosecution. The fact that defendant was not charged with violating those sections suggests that the prosecution concluded, as do we, that defendant's conduct did not constitute the falsification of a public record.

*People* v. *Olson* (1965) 232 Cal.App.2d 480 [42 Cal.Rptr. 760] appears to be the only reported decision to consider whether a section 115 prosecution is excluded from the statute of limitations by former section 799. Although both defendant and respondent cite *Olson* to support their opposing contentions, that case was decided on grounds completely unrelated to the issue before us.

---

[5]Government Code section 6200 provides: "Every officer having the custody of any record, map, or book, or of any paper or proceeding of any court, filed or deposited in any public office, or placed in his hands for any purpose, who is guilty of stealing, willfully destroying, mutilating, defacing, altering or falsifying, removing or secreting the whole or any part of such record, map, book, paper, or proceeding, or who permits any other person to do so, is punishable by imprisonment in the state prison for two, three, or four years."

Government Code section 6201 provides: "Every person not an officer referred to in Section 6200, who is guilty of any of the acts specified in that section, is punishable by imprisonment in the state prison, or in a county jail not exceeding one year, or by a fine not exceeding one thousand dollars ($1,000), or by both such fine and imprisonment." (At the time of the instant offense this section provided for a maximum fine of $100.)

The defendants in *Olson* were charged with violating section 115 by submitting a "rigged" bid for a garbage collection franchise offered by Sacramento County. Because more than three years had elapsed since the filing of the bid, the trial court granted defendants' motion to set aside the indictment on the ground that the prosecution was barred by the statute of limitations. The Attorney General appealed, arguing that because defendants were accused of "falsification of public records," the prosecution could be initiated at any time under section 799.

The *Olson* court concluded that defendants had not falsified public records within the meaning of section 799. It based this conclusion on two grounds. First, the court found that defendants had not "falsified" the bid in the sense contemplated by the statute: "[W]hile the use of the bid may well have been fraudulent, the document itself was not falsified; it was neither forged nor changed after its original complete preparation." (*People* v. *Olson, supra,* 232 Cal.App.2d at p. 487.) Second, the court found that a bid is simply not a public document: "[A] bid is not in any sense a complete or binding contract when it is filed or even when it is opened for; for, generally speaking, a bid is not effectuated until it is accepted and merged in a formal contractual obligation." (*Ibid.*) Because the court concluded that the bid had not been falsified and was not a public record, it was unnecessary for it to determine whether defendants' *offer* of the bid for filing was an offense subject to the section 799 exception.

Without elaboration, the Attorney General asserts that his position is supported by the following dictum in *Olson:* "Falsification of public records refers to those writings which evidence the completed acts of public servants, such as the minutes of courts, public boards and committees, or those documents which under the law must be recorded by a public officer, or *legal instruments, such as the wills of decedents.*" (*People* v. *Olson, supra,* 232 Cal.App.2d 487, italics added.) Although the statement is ambiguous, there is no indication that the court meant that section 799 would apply to the falsification of a will *not yet filed for probate,* or to the *offer* of a false will for filing.

Although the plain language of the statutes appears to make the section 799 exception inapplicable to the charged offense, the Attorney General urges us to interpret the exception broadly in order to include section 115 offenses. However, we find no evidence that the Legislature intended the exception to be so construed. Indeed, the only available evidence suggests that by use of the phrase "falsification of public records," the Legislature meant to encompass only those specific Government Code provisions relating to the altering or falsifying of public documents.

In 1981, the Legislature found that "since its enactment in 1872, California's basic three-year statute of limitations for felonies has been subjected to piecemeal amendment, with no comprehensive examination of the underlying rationale for the period of limitation, nor its continued suitability as applied to specific crimes or categories of crimes." (Stats. 1981, ch. 909, § 3, p. 3443.) In light of this finding, the Legislature directed the California Law Revision Commission "to undertake an indepth [*sic*] study of the *rationales for the statutes of limitations for various felonies and the justification for the revision of the period of limitations for specific crimes or categories of crime, and to make recommendations to the Legislature based on the study." (*Id.*, at p. 3443.)

The Law Revision Commission Report recommended that the entire chapter governing the time for commencement of criminal actions be repealed and replaced by a comprehensive statutory scheme providing for limitation periods based upon the seriousness of the offense. (Recommendations Relating to Statutes of Limitations for Felonies (Jan. 1984) 17 Cal. Law Revision Com. Rep. (1984) p. 301 et seq.) The Legislature enacted the statutory scheme recommended by the report with only minor changes. (See §§ 799-806.) It enacted the recommendations regarding the statute of limitations for the falsification of public records without any changes.

Appendix 1 of the Law Revision Commission Report sets out the specific felony offenses governed by each of the then-existing statute of limitations provisions. It is significant for our purposes that under former section 799's falsification of public records exception, the report lists only Government Code section "6200 et seq."[6] The Legislature adopted the report's recommendation that the unlimited statute of limitations for the falsification of public records be deleted. The present section 799 provides an unlimited statute of limitations only for offenses "punishable by death or by imprisonment in the state prison for life or for life without possibility of parole, or for the embezzlement of public money." The Law Revision Commission comment to section 799 indicates that the section "reduces the limitation period for . . . falsification of public records (*Government Code Section 6200*)." (Italics added.)

The falsification of public records is now governed by the general three-year statute of limitations for felony prosecutions (§ 801), except that the statute of limitations is tolled until discovery of the offense (§ 803, subd.

---

[6]This reference would include not only Government Code sections 6200 and 6201, but also Government Code sections 6203 (false certificate or writing by officer authorized to make such certificate or writing) and 6204 (false statement by peace officer in crime report).

(c)).[7] The Law Revision Commission comment to section 803 explains that the former unlimited statute of limitations for the "falsification of public records *(Gov't Code §§ 6200-6201)*" has been replaced by this section's limited tolling provision. (Italics added.)

 "Explanatory comments by a law revision commission are persuasive evidence of the intent of the Legislature in subsequently enacting its recommendations into law." *(Brian W.* v. *Superior Court* (1978) 20 Cal.3d 618, 623 [143 Cal.Rptr. 717, 574 P.2d 788].) "This is particularly true where the statute proposed by the commission is adopted by the Legislature without any change whatsoever and where the commission's comment is brief, because in such a situation there is ordinarily strong reason to believe that the legislators' votes were based in large measure upon the explanation of the commission proposing the bill." *(Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 250 [66 Cal.Rptr. 20, 437 P.2d 508].)

 It is quite clear from the Law Revision Commission Report that the commission considered the statute of limitations for the falsification of public records to encompass only crimes defined in Government Code sections 6200-6204. The enactment of the commission's recommendations strongly suggests that the Legislature also viewed this phrase as extending only to falsification of public records as defined in the Government Code. The record is devoid of any indication that the Legislature intended this provision to include section 115 as well.

The Attorney General claims that the heading of the chapter containing section 115 suggests that the Legislature may have viewed the offense defined in that section as the falsification of public records. That chapter heading reads: "Forging, Stealing, Mutilating, and Falsifying Judicial and Public Records and Documents." Because the only other statutes included in this chapter involve falsifying or altering jury lists, the Attorney General argues that the reference to "Falsifying . . . Public Records and Documents" must have been meant to describe section 115.

 "While we agree that the title is a useful guide in determining the intended scope of legislation, it is, of course, not the only one." *(People* v.

---

[7]Section 803, subdivision (c) provides in pertinent part: "A limitation of time prescribed in this chapter does not commence to run until discovery of an offense described in this subdivision. This subdivision applies to an offense punishable by imprisonment in the state prison a material element of which is fraud or breach of a fiduciary obligation or the basis of which is misconduct in office by a public officer, employee, or appointee, including but not limited to the following offenses: (1) Grand theft of any type, forgery, falsification of public records, or acceptance of a bribe by a public official or public employee. . . ." Although the terms of this section may be broad enough to toll the statute of limitations for section 115 offenses in addition to offenses involving the falsification of public records, it is unnecessary to decide that question here.

*Tawney* (1959) 168 Cal.App.2d 599, 613 [336 P.2d 659].) ▮ In this case, the chapter heading alone is too slender a reed to support both an inference that the Legislature meant to characterize the conduct prohibited by section 115 as falsifying public records, and that this characterization manifests a legislative intent to exempt section 115 prosecutions from the statute of limitations.

The Attorney General's assertion that no other section within chapter 4 could be construed as relating to the falsification of public records is simply incorrect. Section 117 is specifically entitled "Falsifying jury lists, etc." and makes it a felony for anyone to certify to a false or incorrect list of persons selected as jurors. We have little doubt that a jury list would be considered a public record or document as those terms are used in the chapter heading.

The Attorney General also fails to note that at the time chapter 4 was enacted in 1872 it contained two additional sections prescribing the punishment of one guilty of "stealing, willfully destroying, mutilating, defacing, altering or falsifying" public records and documents. (Former §§ 113, 114.) These sections were repealed in 1943 and reenacted in substantially the same form as Government Code sections 6200 and 6201. The language of the chapter heading almost exactly mirrors this statutory language. We find little significance in the Legislature's failure to amend the chapter heading when it repealed sections 113 and 114.

The fact that the offense defined in section 115 is not precisely described by the chapter heading does not affect our interpretation of the statutory language. ▮ A title or chapter heading merely states the general subject of the legislative act. The provisions found within the body of the act are not restricted in operation by the statement in the heading. (*People* v. *Tawney, supra,* 168 Cal.App.2d at p. 613.)

▮ We believe a strict reading of the statutory language compels a finding that the falsification of public records exception is inapplicable to section 115 offenses. However, even if we assume that the reading urged by the Attorney General is also possible, settled principles require that we interpret the language in the manner most favorable to the defendant. ▮ " '[W]hen language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted. [¶] The defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute.' " (*People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186].)

■ We conclude that the former section 799 exception to the general three-year statute of limitations for felony prosecutions did not apply to the offense described in section 115. Defendant's prosecution was therefore barred and reversal of his conviction is required.

The judgment of conviction is reversed.

Bird, C. J., Mosk, J., Reynoso, J., Grodin, J., Lucas, J., and Kaus, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.