**RODNEY E. MILLER, SR., Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2009-0045

Supreme Court of the Virgin Islands

September 16, 2010

WILLIAM J. GLORE, ESQ., Dudley, Clark & Chan, L.L.P., St. Thomas, USVI, *Attorney for Appellant.*

TIFFANY V. ROBINSON, ESQ., Department of Justice, St. Croix, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; SWAN, *Associate Justice.*

## OPINION OF THE COURT

(September 16, 2010)

CABRET, J. The appellant, Rodney Miller, is the former Chief Executive Officer of the Roy Lester Schneider Hospital (the "Hospital"), a public hospital located on St. Thomas. After Miller left his position with the Hospital, the People of the Virgin Islands charged him with making a fraudulent representation to the government in his employment application. Prior to trial on the charge, Miller moved the Superior Court to dismiss the Information, arguing that the statute of limitations had expired. The court denied the motion, and following trial, a jury found Miller guilty of the charge. Miller filed this appeal. Because we conclude that the Superior Court erred by not dismissing the charge, the court's

decision will be reversed and Miller's Judgment of Conviction will be vacated.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because our decision in this appeal is based on the statute of limitations, our presentation of the facts will be limited to that issue. The record shows that in 2001, the Hospital's governing board was searching for a new chief executive officer. The board ultimately selected Miller to fill the position, and he started working at the Hospital on May 13, 2002. As a new employee, the Hospital's human resources department provided Miller with a package of forms he needed to complete. One of these forms was an application which requested, among other information, details of Miller's "VETERAN'S STATUS." (J.A. 195.) In this section, Miller checked a space indicating that he had "serv[ed] in active duty for the U.S. military." (J.A. 195.) The following question asked: "What was your discharge? ( ) Honorable or General, ( ) Dishonorable, ( ) Not Applicable." (J.A. 195.) Miller responded to this question by checking the space indicating that his discharge was "Honorable or General." (J.A. 95.) Although Miller dated the application May 13, 2002 (J.A. 194), in a space next to his signature he stated that it was signed on May 22, 2002. In a second document titled "OPR UPDATE FORM," signed by Miller on May 16, 2002, Miller again indicated that he had an "Honorable or General Discharge" from the military. (J.A. 199.)

On August 26, 2008, after Miller had ceased working for the Hospital, the People charged him with one count of making a false or fraudulent representation to the government in violation of title 14, section 843(3) of the Virgin Islands Code. In the Information, the People alleged, in pertinent part:

> On or about May 22, 2002, . . . [Miller] did make a false or fraudulent representation to the Virgin Islands Government Division of Personnel in a matter within the jurisdiction of said government agency, by falsely representing on his Application for employment that his discharge from the military was "Honorable or General", when in fact he had received a bad conduct or dishonorable discharge from the military, in violation of T14 V.I.C. Section 843(3), FRAUDULENT CLAIMS UPON THE GOVERNMENT.

(J.A. 289.) The Superior Court denied Miller's motion to dismiss the prosecution on the ground that it was barred by a three year statute of limitations,

and following trial, the jury found Miller guilty of the charged offense. This appeal ensued.

Although Miller enumerates three errors on appeal, his assertion that the prosecution was barred by a three-year statute of limitation is dispositive, and our discussion will, therefore, be limited to that issue.[1]

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." We exercise plenary review over the Superior Court's choice of the applicable statute of limitations. *See Petroleos Mexicanos Refinacion v. M/T King A*, 554 F.3d 99, 101 n.3 (3d Cir. 2009) (citing *Syed v. Hercules Inc.*, 214 F.3d 155, 159 n. 2 (3d Cir. 2000)); *see also Gilbert v. People of the V.I.*, 52 V.I. 350, 354-55 (V.I. 2009) (ruling that this Court exercises plenary review over questions of statutory construction).

## III. DISCUSSION

The statute of limitations for commencing criminal prosecutions in the Virgin Islands is governed by title 5, section 3541 of the Virgin Islands Code, which provides in relevant part:

(a) A criminal action shall be commenced within the following periods:

(1) For murder, felony child abuse, felony child neglect, any felony sexual offense perpetrated against a victim, embezzlement of public moneys, and the *falsification of public records*, there is no limitation of the time within which a prosecution shall be commenced.

(2) For any felony other than specified above, action shall be commenced with three years after its commission.

V.I. CODE ANN. tit. 5, § 3541(a) (1997 & Supp. 2007) (emphasis added). In this case, the People charged Miller with making a false or fraudulent rep-

---

[1] Though not addressed in this opinion, Miller also asserts: (1) that the evidence at trial was insufficient to establish that he was criminally culpable for his misrepresentation concerning his military discharge because it was not a material misrepresentation; and (2) that the Superior Court erred in excluding a purported military identification card from evidence.

resentation to the government under title 14, section 843(3) of the Virgin Islands Code. Section 843 provides as follows:

Whoever-

(1) makes or presents any claim upon or against the government of the Virgin Islands or any officer, department, board, commission, or other agency thereof, knowing such claim to be false, fictitious or fraudulent;

(2) knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

(3) makes any false or fraudulent statements or representations; or

(4) makes or uses any false bill, receipt, voucher, roll, account, claim, certificate, affidavit or deposition knowing the same to contain any fraudulent or fictitious statement or entry-

in any matter within the jurisdiction of any officer, department, board, commission, or other agency of the government of the Virgin Islands, shall be fined not more than $500 or imprisoned not more than two years, or both.

14 V.I.C. § 843 (1996).

Miller argued below, and asserts on appeal, that the statute of limitation for a prosecution under section 843(3) is three years pursuant to section 3541(a)(2), because he was not charged with any of the offenses listed under section 3541(a)(1). Specifically, Miller contends that the charge of making a false or fraudulent statement or representation under section 843(3) is not a prosecution for the falsification of public records for which there is no limitation period under section 3541(a)(1). The Superior Court ruled that because Miller's employment application was a "public record" as that term is defined under title 3, section 881, his prosecution was for the falsification of a public record and, therefore, not subject to a limitation period under section 3541(a)(1). (J.A. 220.)

■ The parties do not dispute that if Miller's prosecution was governed by the three year statute of limitation it would be time-barred. Miller provided the allegedly false military discharge information in May of 2002, and the People did not file the information against him until August of 2008. *See Gov't of the V.I. v. Moncayo*, 31 V.I. 135, 140 (D.V.I. 1994) (using filing date of information to determine when criminal prosecution commenced). Thus, the salient question is whether Miller's prosecution

for making a false or fraudulent statement or misrepresentation on his employment application constitutes a prosecution for the falsification of public records, such that there is no applicable limitation period.

█ " 'The starting point in interpreting a statute is its language, for if the intent of [the Legislature] is clear, that is the end of the matter.' " *Scheidemann v. I.N.S.*, 83 F.3d 1517, 1519 (3d Cir. 1996) (quoting *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409, 113 S. Ct. 2151, 2157, 124 L. Ed. 2d 368 (1993)); *accord Gilbert*, at 356 (" '[I]n construing a statute, if the intent of the Legislature is clear, that is the end of the matter.' " (quoting *In re Infant Sherman*, 49 V.I. 452, 456 (V.I. 2008))). In the instant case, it is clear that the Legislature did not intend for the conduct proscribed under title 14, section 843(3) to be exempt from the statute of limitations under title 5, section 3541(a). The plain language of the latter subsection exempts from the three year statute of limitations prosecutions for only a limited list of crimes, among them, the falsification of public records. While section 843(3) requires, as an element, the making of a false statement or misrepresentation, the plain language of that section does not require that the making of a false statement or misrepresentation be in writing, much less that it be made in a public record.

█ In fact, the Legislature has separately proscribed the falsification of public records in other statutes. For example, title 14, section 1782(1), criminalizes, among other conduct, the falsification of records by public officials having custody of those records.[2] Likewise title 14, section 1783 criminalizes the same conduct by persons other than public officials.[3] While we render no opinion as to whether the Legislature intended for

---

[2] Title 14, section 1782 provides, in pertinent part:

> Whoever, being an officer having the custody of any record, map or book or any paper or proceeding of any court, filed or deposited in any public office or placed in his hands for any purpose—
> (1) steals, willfully destroys, mutilates, defaces, alters, falsifies, removes or secretes the whole or any part of such record, map, book, paper or proceeding; or
> (2) permits any other person so to do —
> shall be fined not more than $2,000 or imprisoned not more than 10 years, or both, and shall be disqualified from holding any public office.

[3] Title 14, section 1783 provides: "Whoever, not being such an officer as is referred to in section 1782 of this title, commits any of the acts specified in that section, shall be fined not more than $1,000 or imprisoned not more than 5 years, or both."

other Virgin Islands Code provisions to proscribe the falsification of public records, it is clear that by specifically criminalizing such conduct in sections 1782 and 1783, and by not even referencing such conduct in the plain language of section 843(3), the Legislature created two distinct offenses. Under these circumstances, we can discern no reason why the maxim of statutory construction — *expressio unius est exclusio alterius* — would not apply in this case. This maxim, which holds "that to express or include one thing implies the exclusion of the other," BLACK'S LAW DICTIONARY 494 (abr. 8th ed. 1990), indicates that by expressly proscribing the falsification of public records in sections 1782 and 1783, and not including such an express proscription in subsection 843(3), the Legislature did not intend to criminalize the falsification of public records in the latter section. *See generally United States v. Grier*, 585 F.3d 138, 143 (3d Cir. 2009) (applying the maxim to sentencing guidelines). It plainly follows that the Legislature did not intend for the exemption from the three year statute of limitations that it afforded to prosecutions for the falsification of public records to apply to the offense of making a false statement under section 843(3).

Courts from other jurisdictions addressing the construction of similar statutes have reached the same conclusion. In *People v. Garfield*, 40 Cal. 3d 192, 219 Cal. Rptr. 196, 707 P.2d 258 (Cal. 1985), the defendant allegedly tendered a forged will for filing in the probate court. He was charged with violating section 115 of the California Penal Code, which provided, in pertinent part:

> Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, or registered, or recorded under any law of this state or of the United States, is guilty of [a] felony.

*Id.* at 260 (quoting CAL. PENAL CODE § 115 (West 1999)). At the time, the California Penal Code exempted prosecutions for falsification of public records from a three year statute of limitations. *Id.* (citing former CAL. PENAL CODE § 799). As in the instant case, the defendant in *Garfiield* argued that his prosecution was barred by the three year statute of limitation and the government responded that the exception to the statute applied. The California Supreme Court agreed with the defendant, reasoning that the will was not a public record at the time it was tendered for filing and that the legis-

404

lature had created a separate offense criminalizing the falsification of public records. *Id.* 260-61. Specifically, the court stated:

> A will is not a public document before it is filed for probate. Thus, any falsification of a will before it is filed would not constitute the falsification of a *public record* . . . . The gravamen of the charged offense is the *offering* for probate of a will known to be false or forged. The offense was complete at the moment defendant offered the will for probate with knowledge of its falsity. The fact that the will was subsequently accepted for filing and became a part of the public record is not relevant to the statutory proscription. Let us assume, for example, that the forgery here had been discovered before the will had been officially recorded as a public document, or that the will had not been accepted for filing because of some technical defect unrelated to the forgery. In either case defendant would have been guilty of violating section 115. He certainly could not have asserted as a defense that the forged will he offered for filing had not yet been recorded. Whether or not a violation of section 115 actually produces a false public record is simply not material to the offense defined by that statute.

*Id.* at 260 (paragraph indention and citation omitted). The court concluded that "by use of the phrase 'falsification of public records,' the Legislature meant to encompass only those specific Government Code provisions relating to the altering or falsifying of public documents." *Id.* at 262.

The Arizona Court of Appeals construed similar statutes in *State v. Fogel*, 16 Ariz. App. 246, 492 P.2d 742 (1972). In *Fogel*, the defendants allegedly recorded first mortgages on property that were not, in fact, first mortgages. The government charged the defendants with recording a false instrument under section 39-161 of the Arizona Revised Statutes,[4] but argued that the offenses were governed by the statute of limitations for falsification of public records. Like the Virgin Islands statute and the California statute at issue in *Garfield*, the Arizona code provided that there was no limitation period for prosecuting a charge of falsifying public records. *Id.* (citing former ARIZ. REV. STAT. ANN. § 13-106(a)). The

---

[4] This section provides, in pertinent part: "A person who knowingly procures or offers a false or forged instrument to be filed, registered or recorded in a public office in this state, which, if genuine, could be filed, registered or recorded under any law of this state or the United States, is guilty of a felony." ARIZ. REV. STAT. ANN. § 39-161 (1999).

court rejected the government's contention that there was no limitation period for recording a false instrument, reasoning:

> A statute increasing the period of limitation as to particular crimes is to be construed strictly to apply only to cases shown to be clearly within its purpose. Ever since the 1901 Penal Code, our legislature has recognized two distinct crimes: (1) Offering a forged or false instrument for filing, A.R.S. § 39-161; and (2) a falsification by a public officer or any person with public records in his custody as set forth in A.R.S. § 38-421.

*Id.* at 745 (citations omitted).[5]

█ Like the California and Arizona statutes, the Virgin Islands Code delineates the falsification of public records as a distinct crime. While the Legislature has proscribed the making of false statements to the government in title 14, section 843(3), it criminalized the falsification of public records in sections 1782 and 1783. The People charged Miller with violating section 843(3), and the Superior Court should have based its decision concerning the applicable statute of limitations on the plain language of that section. Whether or not Miller's employment application ultimately became part of the public record is immaterial to the crime with which he was charged.[6]

█ Finally, even if we were to find that that there was some ambiguity in the relevant statutes which would support the broad reading urged by

---

[5] We note that the Arizona statute criminalizing falsification of public records, ARIZ. REV. STAT. ANN. § 38-421, proscribes virtually identical conduct as the Virgin Islands statute proscribing such conduct. *Compare* 14 V.I.C. §§ 1782, 1783, quoted *supra*, notes 4, 5, *with* ARIZ. REV. STAT. ANN. § 38-421 ("A. An officer having custody of any record, map or book, or of any paper or proceeding of any court, filed or deposited in any public office, or placed in his hands for any purpose, who steals, wilfully destroys, mutilates, defaces, alters, falsifies, removes or secretes the whole or any part thereof, or who permits any other person so to do, shall be punished by imprisonment in the state prison for not less than one nor more than fourteen years. B. A person not an officer who is guilty of the conduct specified in subsection A of this section shall be punished by imprisonment in the state prison for not to exceed five years or in the county jail for not to exceed one year, or by a fine not exceeding one hundred dollars, or by both such fine and imprisonment." (Paragraph indention omitted.))

[6] Because Miller was *not* charged with falsifying a public record, it is unnecessary to determine whether his employment application was a public record, and it is likewise unnecessary to determine whether the People could have charged Miller with falsification of a public record under the circumstances of this case.

the People in this case, we would nevertheless conclude that the three year statute of limitation controlled. It is well settled that "criminal limitations statutes are to be liberally interpreted in favor of repose." *Toussie v. United States*, 397 U.S. 112, 115, 90 S. Ct. 858, 860, 25 L. Ed. 2d 156 (1970) (citation and quotation marks omitted); *accord State v. Aguilar*, 218 Ariz. 25, 178 P.3d 497, 502 (2008); ("We construe criminal statutes of limitations liberally in favor of the accused and against the prosecution." (citation and quotation marks omitted)); *Garfield*, 707 P.2d at 264 ("[W]hen language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted." (quotation marks omitted)); *State v. Graham*, 204 S.W.3d 655, 656 (Mo. 2006) ("Any ambiguity as to which of two statutes of limitation apply in a criminal case must be interpreted in favor of repose."). Upon construing title 5, section 3541(a)(1) in this manner, the reference to "the falsification of public records," for which there is no limitation period, did not encompass the People's charge that Miller made a false statement, and his prosecution was, therefore, barred by the three year statute of limitations contained in title 5, section 3541(a)(2).

## IV. CONCLUSION

Miller's prosecution for making a false or fraudulent representation to the government was not a prosecution for falsifying a public record. Thus, contrary to the Superior Court's ruling, the prosecution was governed by a three year statute of limitation. And, because the People filed the Information against Miller after the limitation period expired, the Superior Court erred in denying his motion to dismiss the charge. For these reasons, Miller's conviction for making a false statement to the government will be vacated.