Filed 5/28/26  Bushey v. Jensen CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

<table>
<tr><td>

CARRIE BUSHEY, as Trustee, etc.,

     Plaintiff and Respondent,

v.

MICHAEL J. JENSEN,

     Defendant and Appellant.

</td><td>

A170210

(Mendocino County
Super. Ct. No. 22PR00155)

</td></tr>
</table>

The parties have filed three petitions in this matter.  First, plaintiff Carrie Bushey filed a petition to confirm her and defendant Michael J. Jensen's mother's trust.  Jensen opposed the petition, but the court concluded the trust was valid.  Jensen then filed his own petition, asserting in part that his mother's trust had been revoked prior to her death.  The court rejected this allegation based on its prior ruling validating the trust and instructed Jensen to file an amended petition omitting such claims.  However, Jensen's amended petition contained similar assertions.  In response, Bushey filed the current petition at issue: a petition to enforce the trust's no contest clause.  The court granted this petition, and Jensen appealed.

On appeal, Jensen contends the trial court erred by finding that he contested the trust, and such contest lacked probable cause.  We disagree and affirm the order.

1

*Factual Background*

Bushey's and Jensen's mother, Gerri Dutton, created the Gerri Dutton Family Trust (Trust), dated March 29, 2019. The Trust distributed Dutton's assets equally between her three children, apart from a single property gifted to her granddaughter. The Trust also contained a no contest clause, which provided in relevant part: "If any beneficiary under a trust created by this document shall . . . contest in any court the validity of any trust created by this document . . . or shall seek to obtain an adjudication in any proceeding in any court that this trust or any of its dispositive provisions are void, or otherwise seek to void, nullify, or set aside the trust or any of its provisions, then the right of that person to take any interest given to him or her by this document shall be determined as it would have been determined had the person predeceased the execution of this declaration of trust without surviving issue."

On December 24, 2019, Dutton executed a "First Amendment to the Trust" (First Amendment). That amendment still directed a single property to be gifted to her granddaughter, but the remaining property was to be distributed exclusively to Jensen. The First Amendment was prepared and executed with a different law firm than the one that prepared the Trust. At that same time, Dutton appointed Jensen as her power of attorney. Approximately two weeks later, on January 8, 2020, Dutton executed a revocation of the First Amendment after the attorney that prepared the Trust explained the amendment's legal effect to her.

On August 13, 2020, Dutton executed a "Notice of Revocation" of the Trust (August Revocation). That revocation stated that Dutton (1) "exercise[d] her power to revoke, in its entirety, the [Trust]," (2) "assigned

2

all right, title, and interest in certain of the trust property to [Jensen]," and (3) directed the trustee "to immediately transfer title" to such assets to Jensen. The August Revocation did not specify which trust property it referenced.

In July 2021, Dutton passed away.

In September 2021, counsel for Bushey sent the Trust beneficiaries a copy of the Trust, the revocation of the First Amendment, and a notification pursuant to Probate Code section 16061.7 (§ 16061.7 notice; statutory references are to this code) in her role as trustee. Jensen disagreed that Bushey was trustee and denied the existence of the Trust.

*Procedural Background*

In October 2022, Bushey filed a petition for an order to confirm the validity of the Trust. That petition asserted Dutton was suffering "cognitive decline as a result of her stroke" and lacked legal capacity to execute the August Revocation. It further argued that Jensen failed to contest the Trust within the required 120-day period following the section 16061.7 notice, which expired on January 11, 2022. The petition requested the court confirm the validity of the Trust and name Bushey as successor trustee.

Jensen answered and objected to the petition. Jensen asserted Dutton granted him power of attorney, appointed him successor trustee, and instructed that "the properties" be transferred to Jensen. He thus argued Bushey lacked standing to bring the petition. Jensen asserted he "has not contested the Trust as amended but intends to carry out the wishes of his mother as expressed in the amended Trust."

Following an evidentiary hearing, the probate court concluded Bushey provided proper notice under section 16061.7, and Jensen failed to take any action within the 120-day statutory period.

3

On May 17, 2023, Jensen filed a petition to determine the operative provisions of the Trust, to remove Bushey as trustee, and for an accounting. Jensen noted the First Amendment appointed Jensen as successor trustee and directed the residue of the Trust solely to Jensen instead of being split between Dutton's three children. He asserted Dutton had capacity to amend the Trust, and Bushey breached her duties as trustee. In relevant part, Jensen requested the court find the August Revocation valid, and that the properties belong to him.

A few days later, on May 22, 2023, the court entered an order concluding the Trust was valid, Bushey provided valid notice under section 16061.7, and the time to contest the Trust had expired. The court also confirmed Bushey as trustee and identified four real properties as assets of the Trust.

Based on the court's order, Bushey moved to strike portions of Jensen's petition that sought to determine the validity of the Trust. The motion noted Jensen's petition improperly requested the court to determine an issue that had previously been resolved—i.e., the validity of the Trust. Jensen opposed the motion on the basis that there was no final judgment and his petition raised different issues.

In addition to the motion to strike, Bushey filed a separate opposition to Jensen's petition. Bushey argued the probate court previously ruled any objections to the validity of the Trust untimely, asserted she had acted diligently as trustee, and claimed no good cause existed for an order compelling an accounting.

The court granted Bushey's motion to strike as its "earlier rulings foreclose[d] any further attempts to contest the terms of the [Trust]." Jensen was given leave to file an amended petition excluding such material.

4

Bushey then filed a petition to enforce the Trust's no contest clause. Bushey argued Jensen's petition ran afoul of the no contest clause because it alleged the Trust was revoked and lacked probable cause. Specifically, Bushey noted Jensen sought to enforce the August Revocation despite the probate court's prior ruling that the time for contesting the Trust had expired.

Despite the court's order, Jensen filed an amended petition again stating that Dutton amended her Trust and sent letters to her children indicating the assets of the Trust should be solely distributed to Jensen. Jensen asserted that "[t]he court needs to determine the validity of the various documents" and prayed that the court "determine the terms of the Trust." The petition also sought to remove Bushey as trustee and obtain an accounting.

Jensen also filed an opposition to the petition to enforce the no contest clause. Jensen acknowledged filing a petition to determine the operative provisions of the Trust but asserted he did not contest the Trust. Rather, Jensen argued the Trust no longer existed because it was revoked by Dutton, and he "acted at all times consistently with the intent expressed by [Dutton]."

In response, Bushey filed a motion for judgment on the pleadings. She asserted Jensen's objections to the petition to enforce the no contest clause did not amount to a valid defense and thus the petition should be granted as a matter of law. The motion argued (1) Jensen's petition was a direct contest because it alleged the invalidity of the Trust based on revocation for Jensen's benefit, and (2) the petition was brought without probable cause because the probate court's prior ruling established the time for contesting the Trust had lapsed.

In opposition, Jensen asserted his objections raised disputed facts inappropriate for resolution in a judgment on the pleadings. Specifically, he alleged he did not contest the Trust, never claimed the Trust was revoked due to fraud, mistake or undue influence, and acted with good faith and probable cause on the advice of counsel.

The court granted Bushey's motion for judgment on the pleadings. It concluded Jensen's amended petition to determine the operative provisions of the Trust and his objections to the petition to enforce the no contest clause constituted direct contests. The court further concluded such contests lacked probable cause, explaining that Jensen "fail[ed] to give proper weight to this court's prior order[s]" finding that the statutory period to contest the Trust had expired and that the Trust was valid. The court denied Jensen's request for leave to amend his objections. The court subsequently entered an order concluding Jensen was not entitled to his share of assets of the Trust pursuant to his violation of the Trust's no contest clause.

Jensen timely appealed.

## DISCUSSION

On appeal, Jensen contends the trial court erred in granting the motion for judgment on the pleadings because (1) his objections to the petition to enforce the no contest clause were not a contest, and (2) the issues of probable cause and good faith are fact issues that cannot be decided solely on the pleadings. We disagree.

## I.  Standard of Review

A motion for judgment on the pleadings has the same purpose and effect as a general demurrer. (*Smiley v. Citibank* (1995) 11 Cal.4th 138, 146; *Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 602.) We independently review the trial court's granting of judgment on the

6

pleadings.  (*Citibank*, at p. 146.)  In so doing, we accept as true and liberally construe all material facts alleged in the complaint and consider matters subject to judicial notice.  (*Bezirdjian v. O'Reilly* (2010) 183 Cal.App.4th 316, 321.)

The interpretation of a trust instrument is a question of law subject to independent review where there is no conflict or question of credibility in the extrinsic evidence.  (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 604.)  Our Supreme Court summarized the principles guiding the courts' interpretation of no contest clauses in *Johnson v. Greenelsh*, at page 604: "Although no contest clauses are enforceable and favored by the public policies of discouraging litigation and preserving the transferor's intent, they are nevertheless strictly construed and may not be extended beyond their plainly intended function.  [Citations.]  ' "Whether there has been a 'contest' within the meaning of a particular no-contest clause depends upon the circumstances of the particular case and the language used." ' "

## I.  Jensen's Petition Violated the No Contest Provision

A "contest" is defined as "a pleading filed with the court by a beneficiary that would result in a penalty under a no contest clause, if the no contest clause is enforced."  (§ 21310, subd. (a).)  A "no contest clause" is "a provision in an otherwise valid instrument that, if enforced, would penalize a beneficiary for filing a pleading in any court."  (§ 21310, subd. (c).)

Here, neither party contests the presence or validity of the no contest clause in the Trust.  Nor does Jensen now question the Trust's validity as part of his appeal.  Rather, the focus is whether the probate court correctly concluded Jensen's actions (1) violated the no contest clause, and (2) lacked probable cause.

7

## A. Jensen's Amended Petition Contested the Trust

The probate court concluded both Jensen's amended petition and his objections to Bushey's petition to enforce the no contest clause violated the Trust's no contest provision. (Accord, *Key v. Tyler* (2019) 34 Cal.App.5th 505, 524 ["Nothing in the language of section[s] 21310 or 21311 suggests that a direct contest is limited to an action that a beneficiary initiates. To the contrary: Pleadings amounting to a 'contest' under section 21310 can include responsive pleadings such as a 'cross-complaint, objection, answer, [or] response.' " (Italics omitted.)].) We need not address Jensen's objections because his amended petition alone constitutes a direct contest subject to the no contest provision.

As an initial matter, Jensen's arguments rest on a flawed premise. He characterizes his petition as merely presenting amendments to the Trust— either the First Amendment or the August Revocation. But the probate court had already determined, in prior proceedings, that the Trust was valid and thus the proffered amendments purporting to revoke the Trust were ineffective. In ruling on Jensen's initial petition, the court expressly observed that its "earlier rulings foreclose any further attempts to contest the terms of the [Trust]." Jensen did not challenge those determinations. Instead, he filed an amended petition again relying on the same rejected documents to attack the Trust's validity. As a result, this case does not involve a neutral effort to clarify or implement the Trust's terms; it involves a renewed attempt to invalidate the Trust based on instruments the court had already deemed ineffective. That context frames the legal question.

Under section 21310, subdivision (b)(5), a "direct contest" includes "revocation of a trust pursuant to Section 15401." Section 15401, in turn, provides that a trust may be revoked "[b]y compliance with any method of

8

revocation provided in the trust instrument." (§ 15401, subd. (a)(1).) Jensen's contrary reading—that revocation "as provided for in the instrument" is excluded from the definition of a direct contest—cannot be reconciled with this statutory scheme which expressly includes such revocation within the definition.

Jensen's own allegations confirm the point. He asserts that Dutton "revoked the Trust as provided in Article V thereof." In advancing the First Amendment, Jensen suggested that an existing provision of the Trust had been revoked and replaced with a different term. In raising the August Revocation, Jensen indicated the Trust in its entirety had been revoked. Both theories seek to invalidate the Trust, either in part or in whole, based on purported revocation. That is the essence of a direct contest under section 21310.

Jensen's claims also fall squarely within the Trust's no contest provision. That clause applies to any beneficiary who seeks to "contest in any court the validity" of the Trust or to "void, nullify, or set aside the trust or any of its provisions." Although the provision does not use the specific term "revocation," it broadly encompasses any effort to set aside the Trust. Jensen's amended petition does exactly that: questions the validity of the Trust's equal distribution scheme and seeks to replace it with a distribution solely in his favor. Labeling the claim as a "revocation" does not alter its substance. It is a challenge to the Trust's validity.

Jensen attempts to recast his amended petition as one seeking interpretation rather than a contest. It is true that a petition to construe or interpret a trust does not, without more, constitute a contest. (*Packard v. Packard* (2025) 108 Cal.App.5th 1284, 1292 (*Packard*) ["Historically, disputes over the interpretation of instruments have not usually been treated as

9

violating a no contest clause."].) But that principle has no application here. Jensen's amended petition did not ask the court to resolve an ambiguity or clarify a provision; he sought to revoke the Trust altogether. The distinction is dispositive, as evidenced by relevant case law.

In *Meiri v. Shamtoubi* (2022) 81 Cal.App.5th 606 (*Meiri*), the plaintiff sought to void an amendment based on the parent's alleged lack of mental capacity and her siblings' " 'undue influence' " and " 'fraud.' " (*Id.* at p. 615.) The court explained such a challenge "is a plainly enumerated example" of a direct contest under both the terms of the trust and the Probate Code: "this is precisely the strain of ' "clear and unequivocal attack" ' that warrants overriding the ' "policy against forfeiture" ' and applying ' "the penalty contained in the *in terrorem* clause." ' " (*Ibid.*)

By contrast, in *Packard*, *supra*, 108 Cal.App.5th 1284, the settlor created a trust initially dividing his estate equally between his two sons but made subsequent amendments including adding an ambiguous handwritten interlineation. (*Id.* at pp. 1288–1289.) The subsequent petition sought only to construe that interlineation to effectuate the settlor's intent. (*Ibid.*) Because the petition did not seek to "nullify" the trust, the court concluded it was not a contest. (*Id.* at p. 1293.)

This case aligns with *Meiri*, not *Packard*. Jensen's amended petition does precisely what *Packard*'s did not: it challenges the validity of the Trust itself based on Dutton's alleged revocation. That type of claim falls squarely within the statutory definition of a direct contest and within the scope of the Trust's no contest clause.

## B. Jensen's Contest Lacked Probable Cause

In addition to determining that a petition constituted a direct contest subject to the no contest clause, courts must also decide whether a contest

was brought without probable cause. (*Key v. Tyler*, *supra*, 34 Cal.App.5th 505, 517 ["Under current law, a no contest clause is enforceable against a 'direct contest that is brought without probable cause.' (§ 21311, subd. (a)(1).)"].)

Probable cause exists only if, at the time the contest is filed, the known facts would cause a reasonable person to believe there is a reasonable likelihood the requested relief will be granted after further investigation or discovery. (§ 21311, subd. (b).) A "reasonable likelihood" requires more than a merely possible outcome, though less than one that is more likely than not. (Cal. Law Revision Com. com., Deering's Ann. Prob. Code (2022 ed.) foll. § 21311.)[1]

A claim that is time-barred cannot satisfy this standard. Courts have recognized that a statute of limitations defect may, by itself, establish a lack of probable cause under section 21311. (*Meiri*, *supra*, 81 Cal.App.5th at pp. 616–617.) Consistent with the language of section 21311, subdivision (b), Jensen thus was required to show that, based on the facts known when he filed his amended petition, a reasonable person would believe there was a reasonable likelihood the probate court would grant relief notwithstanding the untimeliness of his contest. He cannot make that showing.

Sections 16061.7 and 16061.8 govern notice and timeliness. Section 16061.7 requires a trustee to notify the beneficiaries under specified circumstances, including "whenever there is a change of trustee of an irrevocable trust." (§ 16061.7, subd. (a)(2).) Section 16061.8 then imposes a strict limitations period: a beneficiary who receives such notice may not

---

[1] Though not binding, the comments of the California Law Revision Commission are entitled to substantial weight in construing a statute. (*People v. Garfield* (1985) 40 Cal.3d 192, 199.)

contest the trust more than 120 days after service of the notification, or 60 days after receipt of the trust terms within that period, whichever is later.

Here, before Jensen filed his amended petition, the probate court had already determined that the trustee properly served Jensen with a valid section 16061.7 notice. The court further found that the 120-day limitations period for contesting the Trust had expired, and Jensen had not contested the Trust within that period. Considering those rulings, no reasonable person could believe there remained a reasonable likelihood that the probate court would disregard section 16061.8's limitations bar and reach the merits of Jensen's contest.

Jensen's contrary arguments do not address this dispositive defect. He asserts probable cause existed because he believed he could establish that Dutton validly revoked the Trust during her lifetime and because he relied on counsel. But neither contention addresses the issue of timeliness. Whether the Trust was revoked goes to the merits of the contest, not to whether the contest was filed within the statutory period. And reliance on counsel does not create probable cause where the claim is plainly time-barred. Jensen neither identifies any disputed facts regarding his failure to file within the statutory window nor challenges the probate court's prior determination that the limitations period had expired. On this record, the absence of probable cause is clear.

## DISPOSITION

The order is affirmed. Bushey may recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

PETROU, J.

WE CONCUR:

TUCHER, P. J.

RODRÍGUEZ, J.

A170210 / *Bushey v. Jensen*